

# The Attorney General of Texas

September 11, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
ston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Ms. Peggy Rosson
Chairman
Public Utility Commission
of Texas
7800 Shoal Creek Blvd., Suite 400N
Austin, Texas 78757

Opinion No. JM-542

Re: Authority of the Executive
Director of the Public Utility
Commission

Dear Ms. Rosson:

You ask several questions about the role of the executive head of the Public Utility Commission [hereinafter "PUC"]. Specifically, you ask:

> 1. Was it the intent of the legislature in creating the position of executive director that the executive director be the executive head of the Public Utility Commission?
>
> 2. If so, what is the scope of the authority, responsibility and duties of the executive head of the Public Utility Commission? In particular, what authority do the commissioners have to delegate to the executive director authority for carrying out administrative functions necessary for the day to day operation of the commission?

Section 8 of the Public Utilities Regulatory Act (PURA), article 1446c, V.T.C.S., contains provisions regarding employees of the PUC:

> Sec. 8. (a) The commission shall employ such officers, administrative law judges, hearing examiners, investigators, lawyers, engineers, economists, consultants, statisticians, accountants, administrative assistants, inspectors, clerical staff, and other employees as it deems necessary to carry out the provisions of this Act. All employees receive such compensation as is fixed by the legislature.
>
> (b) The commission shall employ the following:
>
> (1) an executive director;

(2) a director of hearings who has wide experience in utility regulation and rate determination;

(3) a chief engineer who is a registered engineer and ar expert in public utility engineering and rate matters;

(4) a chief accountant who is a certified public accountant, experienced in public utility accounting;

(5) a director of research who is experienced in the conduct of analyses of industry, economics, energy, fuel, and other related matters that the commission may want to undertake;

(6) a director of consumer affairs and public information;

(7) a director of utility evaluation;

(8) a director of energy conservation; and

(9) a general counsel.

(c) The general counsel and his staff are responsible for the gathering of information relating to all matters within the authority of the commission.

The duties of the general counsel include:

(1) accumulation of evidence and other information from public utilities and from the accounting and technical and other staffs of the commission and from other sources for the purposes specified herein;

(2) preparation and presentation of such evidence before the commission or its appointed examiner in proceedings;

(3) conduct of investigations of public utilities under the jurisdiction of the commission;

(4) preparation of proposed changes in the rules of the commission;

(5) preparation of recommendations that the commission undertake investigation of any matter within its authority;

(6) preparation of recommendations and a report of such staff for inclusion in the annual report of the commission;

(7) protection and representation of the public interest and coordination and direction of the preparation and presentation of evidence from the commission staff in all cases before the commission as necessary to effect the objectives and purposes stated in this Act and ensure protection of the public interest; and purposes stated in this Act and ensure protection of the public interest; and

(8) such other activities as are reasonably necessary to enable him to perform his duties.

(d) The commission shall employ administrative law judges to preside at hearings of major importance before the commission. An administrative law judge must be a licensed attorney with not less than five years' general experience or three years' experience in utility regulatory law. The administrative law judge shall perform his duties independently from the commission. The commission and parties who may appear before the commission may not communicate with an administrative law judge concerning any issue of fact or law in a contested case that has not been finally decided by the commission, except on notice and opportunity for all parties to participate.

(e) The executive director or his designee shall develop an intraagency career ladder program, one part of which shall be the intraagency posting of all nonentry level positions for at least 10 days before any public posting. The executive director or his designee shall develop a system of annual performance evaluations based on measurable job tasks. All merit pay for commission employees must be based on the system established under this section.

(f) The executive director or his/her designee shall prepare and maintain a written plan to assure implementation of a program of equal employment opportunity whereby all personnel transactions are made without regard to race,

color, disability, sex, religion, age, or national origin. The plans shall include:

    (1) a comprehensive analysis of all the agency's work force by race, sex, ethnic origin, class of position, and salary or wage;

    (2) plans for recruitment, evaluation, selection, appointment, training, promotion, and other personnel policies;

    (3) steps reasonably designed to overcome any identified underutilization of minorities and women in the agency's work force; and

    (4) objectives and goals, timetables for the achievement of the objectives and goals, and assignments of responsibility for their achievement.

    The plans shall be filed with the governor's office within 60 days of the effective date of this Act, cover an annual period, and be updated at least annually. Progress reports shall be submitted to the governor's office within 30 days of November 1 and April 1 of each year and shall include the steps the agency has taken within the reporting period to comply with these requirements. (Emphasis added).

    Your first question is whether the legislature intended the executive director provided for in section 8(b)(1) to be the "executive head" of the Public Utilities Commission. Since "executive head" has no precise meaning outside of a particular context, we assume you are asking whether the position of executive head of the PUC was intended to be comparable to a position such as director of the Texas Department of Corrections. See V.T.C.S. art. 6166j (provides that TDC shall delegate to the director authority to manage the affairs of the prison system). In other words, we assume that you are asking whether the legislature intended the executive director to be the chief administrative employee of the PUC.

    Section 8(f) of PURA sets out specific duties of the executive director of the PUC. Those specific duties do not make the executive director the chief administrative employee of the PUC. Rather, they require him to "prepare and maintain" plans for various personnel policies. If the legislature had intended to mandate that the executive director be the chief administrator of the PUC, it could have easily done so. Cf. V.T.C.S. art. 6166j. Because the legislature did not do so, we must conclude that PURA does not require that the executive director be the chief administrative employee of the PUC.

You also ask whether the commissioners may delegate to the executive director the task of carrying out the day-to-day administration of the PUC.

Section 8(e) of PURA sets out certain specific duties that the executive director must perform. Also, the commissioners may, if they choose, delegate to the executive director the ministerial and administrative tasks involved in managing the day-to-day activities of the PUC. Although acts involving official discretion must be performed by the body designated by law, administrative or ministerial acts may be delegated to others. The authority to hire new personnel or to purchase supplies, for example, may be delegated to the executive director or to any division chief listed in section 8 of art. 1446c. Attorney General Opinion Nos. WW-66 (1957); M-663 (1970). See also Attorney General Opinion V-350 (1947) (discussion of distinction between discretionary and ministerial acts). Therefore, although PURA does not require that the executive director be the chief administrative employee of the PUC, the commissioners may delegate that role to the executive head, as long as they do not delegate responsibilities that involve the exercise of discretion, or that the legislature has placed elsewhere.

## S U M M A R Y

Section 8 of the PURA does not require that the executive director of the Public Utility Commission be the chief administrative employee. The commissioners may, however, delegate any administrative or ministerial tasks to the executive director that the legislature has not placed elsewhere.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General